Kate E. Pardue and Harry A. Pardue, Appellants, v. E. Orris Hart, trading as E. Orris Hart & Company et al., Appellees.

Gen. No. 22,634.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917.

### Statement of the Case.

Bill by Kate E. Pardue and Harry A. Pardue, complainants, against E. Orris Hart, trading as E. Orris Hart & Company, Edwin H. Abbott and R. G. Ingersoll, defendants, for an accounting for profits belonging to complainants and secretly kept by defendants in certain real estate transactions, in all of which defendant Hart acted as broker, and defendant Ingersoll as salesman for Hart.

From a judgment for defendants, complainants appeal.

SPENCER WARD, for appellants.

GEORGE W. STOCKWELL, for appellees.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. EXCHANGE OF PROPERTY, § 1*—*when evidence shows that name of party was on contract at time of execution.* Evidence of the parties and a stipulation that a bill of complaint set up a true and correct copy of an agreement for exchange of property as executed by the parties, and in the agreement the name of one of the parties appeared, *held* sufficient to show that the name of such party appeared in the contract at the time it was made.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. BROKERS, § 25*—*when evidence does not show receipt of excessive fees.* Evidence *held* insufficient to show that real estate brokers in the three deals made in the course of the indirect exchange of property through a third person received more than their legitimate fees.

3. BROKERS, § 25*—*when evidence shows that broker used best endeavors in behalf of owners.* In a suit against brokers and a third person acting as a medium for the indirect exchange of real estate for an accounting of profits, evidence *held* insufficient to show that such person acted in a fiduciary capacity or that the brokers used other than their best endeavors in behalf of complainants.